UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SALVATORE JULIANO SOWELL,**

    **Plaintiff,**

  v.             **Civil Action 2:23-cv-4250**
                 **Judge James L. Graham**
                 **Magistrate Judge Chelsey M. Vascura**

**THE HUNTINGTON BANK,**

    **Defendant.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Salvatore Juliano Sowell, an Ohio inmate proceeding without the assistance of counsel, brings this action against Defendant, Huntington Bank, arising from several unauthorized deposits to and withdrawal from Plaintiff's checking account. This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** this action pursuant to §§ 1915(e)(2) and 1915A(b)(1) for failure to assert any claim over which this Court has subject-matter jurisdiction.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF

No. 1.) Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statement reveals that he has $4.00 in his trust fund account, which is insufficient to pay the filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts at James A. Karnes Corrections Center is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00, until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## I. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e), the federal *in forma pauperis* statute, Courts must *sua sponte* dismiss an action upon determining that an *in forma pauperis* complaint fails to state a claim on which relief can be granted. Thus, a typical initial screen involves consideration of the merits of the claims asserted. In this case, however, upon review of Plaintiff's Complaint, the undersigned determines that it is unnecessary to consider the merits of the claims he advances because this Court lacks subject matter jurisdiction to hear such claims. When the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3). *Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

## II. ANALYSIS

As an initial matter, the Court construes Plaintiff's "Statement of Claim" and Plaintiff's supporting affidavit and exhibits accompanying his motion for leave to proceed *in forma pauperis* as a Complaint for purposes of 28 U.S.C. § 1915(e). (*See* ECF Nos. 1-2, 1-5.) Therein, Plaintiff asserts that in June and July 2022, "an unknown entity" made several unauthorized deposits to and withdrawals from his checking account held with Defendant Huntington Bank, which resulted in inaccurate account balances. (*Id.*)

Plaintiff's allegations fail to provide a basis for a claim over which this Court has jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for federal-question jurisdiction, and § 1332, which provides for diversity of citizenship jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (cleaned up). Federal-question jurisdiction is implicated when a plaintiff pleads a claim

3

"arising under" the federal laws or the United States Constitution. *Id*. For a federal court to have diversity jurisdiction pursuant to § 1332(a), complete diversity of citizenship must exist (which means that each plaintiff must be a citizen of a different state than each defendant) and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Federal Rule of Civil Procedure 8(a)(1) requires a pleading to contain "a short plain statement of the grounds for jurisdiction." Fed. R. Civ. P. 8(a)(2). Thus, "a plaintiff seeking diversity jurisdiction [must] set forth the factual basis on which that jurisdiction is predicated." *Farmer v. Fisher*, 386 F. App'x 554, 556 (6th Cir. 2010); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("[I]t is to be presumed that a cause lies outside [the Court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."). Although this pleading standard does not require "detailed factual allegations," a complaint will not "suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

Here, Plaintiff has not identified any claims arising under federal laws or the United States Constitution to establish subject-matter jurisdiction under 28 U.S.C. § 1331. Plaintiff identifies no statute, regulation, or rule—federal or otherwise—that gives rise to his claims, and the Court is not aware of any federal authority governing the alleged conduct that would provide Plaintiff with a private right of action. *See, e.g.*, *Milgrom v. Burstein*, 374 F. Supp. 2d 523, 528–29 (E.D. Ky. 2005) (federal bank fraud statute at 18 U.S.C. § 1344 does not provide individuals with a private right of action) (citing *Nashville Milk Co. v. Carnation Co.,* 355 U.S. 967 (1958)).

Nor can Plaintiff rely on diversity of citizenship pursuant to 28 U.S.C. § 1332 to establish this Court's subject-matter jurisdiction. Plaintiff does not allege the parties are citizens of different states, and he seeks only $15,000 in damages. (Statement of Claim, ECF No. 1-2,

4

PAGEID #9.) Plaintiff therefore has not plausibly alleged that § 1332's amount in controversy requirement is satisfied.

In summary, because Plaintiff has not identified any federal statutory or constitutional provision under which his claims arise, and because Plaintiff has failed to plausibly allege facts upon which this Court could rely to conclude that the requisite amount in controversy is satisfied, it is **RECOMMENDED** that the Court **DISMISS** this action for failure to assert any claim over which this Court has subject matter jurisdiction **WITHOUT PREJUDICE** to filing the claims in state court.

### III. DISPOSITION

For the reasons set forth above, Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) (ECF No. 1) is **GRANTED**. In addition, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to §§ 1915(e)(2) and 1915A(b)(1) for failure to assert any claim over which this Court has subject-matter jurisdiction.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept,

5

reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE