IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SALVATORE JULIANO SOWELL,

    Plaintiff,

  v.                                          Case No. 2:23-cv-4250
                                                    Judge James L. Graham
                                                    Magistrate Judge Chelsey M. Vascura

THE HUNTINGTON BANK,

    Defendant.

## **Order**

This matter is before the Court for consideration of Magistrate Judge Vascura's January 4, 2024 Report and Recommendation ("R&R") (doc. 6). Plaintiff Salvatore Juliano Sowell, an Ohio inmate proceeding without the assistance of counsel, brings this action against Defendant, Huntington Bank. Plaintiff alleges that several unauthorized deposits to and withdrawals from his checking account occurred through the fault of Huntington Bank. Plaintiff's complaint was not accompanied by the $402.00 filing fee as he wishes to proceed *in forma pauperis*.

On an initial screening under 28 U.S.C. §1915(A), the Magistrate Judge found that Plaintiff's claim failed to provide a basis under which the Court has jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. §1331, which provides for federal-question jurisdiction, and §1332, which provides for diversity of citizenship jurisdiction." *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 501 (2006) (cleaned up). The Magistrate Judge found that Plaintiff did not identify any claims arising under federal laws of the United States and failed to identify any statute, regulation, or rule that gives rise to his claims. Additionally, the Magistrate Judge found that Plaintiff's complaint did not allege that the parties are citizens of different states and noted that he seeks only $15,000 in damages. This amount

falls well below the $75,000 requirement under diversity jurisdiction. *Caterpillar, Inc. v. Lewis* 519 U.S. 61, 68 (1996).

### A. Standard of Review

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### B. Plaintiff's Objections to Report and Recommendation

Plaintiff timely filed an objection to the Report and Recommendation. In his objection, Plaintiff asserts that the Court has subject matter jurisdiction and should grant him full relief. Aside from asserting that this Court has subject matter jurisdiction, Plaintiff fails to further address the merits of the Magistrate Judge's findings that he fails to assert a claim this Court would have jurisdiction over. Since the Plaintiff cannot establish that his claim arises out a federal claim or through diversity of citizenship, the claim does not meet the requirements for subject matter jurisdiction.

### C. Conclusion

The Court thus **ADOPTS** the Magistrate Judge's R&R (doc. 6) and **OVERRULES** Plaintiff's objections (doc. 9). This action is hereby **DISMISSED** without prejudice.

**IT IS SO ORDERED**.

    s/ James L. Graham  
    JAMES L. GRAHAM  
    United States District Judge

DATE: February 16, 2024